JOHN WEBSTER AND JAMES MOIR, Plaintiffs in Error, v. JACOB CANMANN AND WALTER RANSOM, Defendants in Error.

1. *Evidence—Res Gestæ.*—What the defendants said in relation to their having paid an account presented to them, is part of the *res gestæ* when testimony is given of the presenting the account and of the defendants' refusal to pay.

2. *Practice—Depositions — Trials.* — Exceptions to questions and answers, made during the taking of a deposition, must be presented to the court and passed upon at the trial. The whole deposition cannot be excluded because part of the testimony is objectionable.

*Error to St. Louis Circuit Court.*

*C. D. Coleman* and *J. Niel*, for plaintiffs in error.

*Cline & Jamison*, for defendants in error.

FAGG, Judge, delivered the opinion of the court.

Some objection has been made by the counsel for the plaintiffs in error to the instructions given in this case, but we fail to find anything of a contradictory character in them. The suit was instituted in the Circuit Court for St. Louis county upon an account for $254.25. The petition averred that it was due and owing to the plaintiffs, who were co-partners doing business under the name and style of Webster, Moir & Co. The answer simply denied that plaintiffs were the only members of said firm, and averred a payment in full of the amount sued for. These two issues, we think, were fairly presented to the jury upon the instructions, and it only remains to notice the various objections made to the ruling of the court in relation to the admission of testimony.

One Thomas Webster was introduced as a witness on the part of the plaintiffs, who testified substantially that he was the agent of the plaintiffs and had the general supervision and management of their business at the time the different articles in the account were sold and delivered to the defendants, and that at or about a certain date he presented the same for payment. Upon a cross-examination, the court permitted the witness to state what was said by the defendants in reference to their having paid or settled it. It is insisted that the court committed error in permitting this to be done. It was a part of the *res gestæ*, and we think the defendants were entitled to the full benefit of all that transpired on that occasion in reference to the account. The witness had stated in his examination in chief that the account was due and unpaid, and that when presented by him for payment it was refused. The defendants were at liberty to show what was said in reference to the refusal.

L. A. Benoist was called by the defendants for the purpose of impeaching the witness Thomas Webster. This witness was permitted to state what the general character of Webster was, having first made the following statement: "I know his (Webster's) general character, but cannot separate my own opinion concerning him and my own knowledge from

his general character." There is evidently no difference between his opinion and personal knowledge, on the one hand, and the general character of Webster, on the other. The foundation for the answer to the question put to him would not have been properly laid if it had consisted only of his own knowledge, and it was unnecessary to have made that statement; but concurring as it did with his knowledge of the general character of the person, no error was committed in permitting him to answer as he did.

Several other questions of minor importance are discussed in the counsel's brief; we do not consider it necessary to notice them in detail. It may be remarked generally, in reference to the depositions read by the defendants, that whilst objections were properly made to many of the questions and answers at the time they were taken, there was no effort to exclude such portions from the jury at the time of the trial, and it is now too late to complain. Such objections are not sufficient to exclude the entire deposition from the jury. It would still have been competent to read the unobjectionable portions after the balance had been stricken out.

We come now to consider the only question that presents any difficulty in the case. The court permitted the defendant Canmann to be sworn for the purpose of laying the foundation for the introduction of the deposition above referred to. It is insisted that this was a fact in the cause that could only be proved by a witness competent to prove any fact material to the issues, and that, being a party to the record, he is excluded by the express provisions of the statute. It is admitted that, under an application of the strict rules of the common law, he would be held to be incompetent for that purpose. But we do not feel that the ends of justice require such a rigid and strict adherence to those rules in a case like this. It is a mistake to say that this is a fact to be proved with the same degree of certainty that should attach to a matter material to the issues involved in this cause. It is not addressed to the jury, and would by no possibility af-

fect the conclusions at which they arrived, but was addressed to the court. It was simply an effort on the part of the defendants to show why it was that they were entitled to this secondary class of evidence, by showing that the witness himself was beyond the reach of the process of the court. In perhaps a large majority of cases such a fact does not admit of positive proof, and the most that a party can do is to make out a *prima facie* case by showing such facts and circumstances as the court may deem necessary and proper for that purpose. A court is not without some degree of discretion in matters of this sort, and although it is not affirmatively shown that the facts stated by the party were peculiarly within his knowledge, yet the reasonable presumption would be that the court availed itself of the best evidence that the nature of the case admitted of. At all events we should not feel authorized to reverse the judgment in this case, and send it back for further trial, unless it could be shown from the record that manifest injustice had been done by the verdict of the jury. We conclude, upon an examination of the whole matter, that the verdict was for the right parties and ought not to be disturbed.

The judgment will therefore be affirmed. The other judges concur.